UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

E.M.C., a minor, by her parents
E.C. and M.C., and E.C. and M.C. individually,

 Plaintiffs,

v.

MILWAUKEE BOARD OF SCHOOL DIRECTORS,
MILWAUKEE PUBLIC SCHOOL BOARD DISTRICT #4,
LONNIE STEELE,
ZERDA PALMER,
STEPHANIE ZOLLICOFFER-PHILLIPS,
XYZ INSURANCE COMPANY,

 Defendants.

---

## COMPLAINT

---

Plaintiffs, E.M.C., a minor, by her parents, E.C. and M.C., and E.C. and M.C. individually, by and through their attorney, Attorney Kristen Lojewski of LOJEWSKI ABUSE & INJURY LAW, state the following as their Complaint:

## I. INTRODUCTION

1. This case involves sexual assault, sexual enticement, sexual harassment, emotional abuse, manipulation, and grooming of the minor Plaintiff by her social studies teacher, Lonnie Steele, while she was a student at Andrew S. Douglas Middle School in the Milwaukee Public School System during the 2021-2022 school year.

2. The sexual contact was frequent, pervasive, and included criminal charges and a criminal conviction. Upon information and belief, the sexual misconduct occurred over a minimum two-month period during school hours, on school property, and was known to Douglas Middle School

administrators and employees, who failed to take protective action. This Complaint alleges violations of Title IX – 20 U.S.C. § 1681, and 42 U.S.C. § 1983 based on the equal protection and due process components of the Fourteenth Amendment. It also alleges causes of action under Wisconsin state law.

3. Upon information and belief, on several occasions during the 2021-2022 school year, the school district and its officials had credible information about improper conduct by Lonnie Steele that included actionable sexual misconduct, but did not take appropriate action to either prevent harm or prevent further harm to minor Plaintiff E.M.C. Upon information and belief, the school district and its officials created or increased the danger to E.M.C. and were deliberately indifferent to the known risk of harm, violating her constitutional and statutory rights and causing a profound impact on her life of serious and lasting harm. Plaintiffs seek to hold the Defendants responsible for the inaction and deliberate indifference which allowed the sexual misconduct to occur.

## II. **JURISDICTION and VENUE**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiffs reside in the Eastern District of Wisconsin, Andrew Douglas Middle School is located in this District and a substantial part of the acts or omissions giving rise to the claim occurred within this District.

## III. **PARTIES**

7. Plaintiff E.M.C. is a minor residing in Milwaukee, Wisconsin. Her claims are brought by her parents and legal guardians, E.C. and M.C.

2

8. Plaintiffs E.C. and M.C also bring claims individually for emotional distress, loss of society and companionship, and medical/therapy expenses in the care and treatment of E.M.C.

9. This action is brought anonymously. Plaintiff E.M.C. is a minor, and E.C. and M.C. are her parents. All Plaintiffs seek to preserve their privacy in this sensitive and highly personal matter. They wish to avoid any further harm or embarrassment as this case deals with the sexual abuse of a female middle school aged student by an adult male school employee. The minor Plaintiff is identified only by initials in the criminal case against Lonnie Steele. There is no risk of prejudice to the Defendants. Given the criminal investigation in this matter, Plaintiffs actual identities and their home address are known to the Defendants and other District staff.

10. Defendant Lonnie Steele was at all relevant times a 6th-grade teacher employed by Milwaukee Public Schools at Andrew Douglas Middle School. He is currently in the custody of Wisconsin Department of Corrections and imprisoned at John C. Burke Correctional Center located at 900 S. Madison Street, Waupun, WI 53963 for child enticement under Wis. Stat. § 948.07(1).

11. Defendant Milwaukee Board of School Directors is the governing entity responsible for the operation of Milwaukee Public Schools and is the policy-making body for the school system. Its principal office is 5225 W. Vliet Street, Milwaukee, WI 53208. Milwaukee Board of School Directors receives Federal financial support as a public school district. Milwaukee Board of School Directors operates 156 schools, including Andrew Douglas Middle School where E.M.C. was a student at all relevant times.

12. Defendant Milwaukee Public School Board District #4 is the governing district responsible for Andrew Douglas Middle School. Its principal office is 5225 W. Vliet Street, Milwaukee, WI 53208. Milwaukee Public School Board District #4 receives Federal financial support as a public

school district. Milwaukee Public School Board District #4 operates 34 schools within the School Board District #4, including Andrew Douglas Middle School where E.M.C. was a student at all relevant times.

13. Defendants Milwaukee Board of School Directors and Milwaukee Public School Board District #4 will be referred herein individually or collectively as "MPS."

14. Defendant Zerda Palmer was the principal of Andrew Douglas Middle School during the time of the events in question. Upon information and belief, Palmer resides at 5206 Lovers Lane Road, Milwaukee, WI 53225.

15. Defendant Stephanie Zollicoffer-Phillips was the assistant principal during the time of the events in question. Zollicoffer-Phillips resides at 3738 N. 58th Blvd., Milwaukee, WI 53216.

16. Defendant XYZ Insurance Company is unidentified whose identity will be determined through discovery.

IV. **FACTUAL ALLEGATIONS**

17. Upon information and belief, Defendant Palmer was hired by MPS to work at Andrew Douglas Middle School. Palmer served as principal at Douglas Middle School during all times relevant to this Complaint.

18. In Palmer's capacity as principal, Palmer had overall responsibility and decision-making authority, along with Defendant Zollicoffer-Phillips, for Andrew Douglas Middle School.

19. Upon information and belief, Defendant Zollicoffer-Phillips was hired by MPS to work at Andrew Douglas Middle School. Zollicoffer-Phillips served as assistant principal at Douglas Middle School during all times relevant to this Complaint.

4

20. In Zollicoffer-Phillips' capacity as assistant principal, Zollicoffer-Phillips had overall responsibility and decision-making authority, along with Defendant Palmer, for Andrew Douglas Middle School.

21. Upon information and belief, between March and May 2022, E.M.C. was subjected to repeated sexual grooming, abuse, and assault by her teacher, Defendant Steele, while enrolled in the 6th grade at Andrew Douglas Middle School.

22. Upon information and belief, Steele engaged in sexual contact with E.M.C., including:

    a.  Kissing her on the lips and allowing her to kiss him;

    b.  Touching her vagina underneath her clothing;

    c.  Allowing her to touch his penis over his clothes on multiple occasions;

    d.  Grabbing her buttocks and allowing her to sit on his lap;

23. Upon information and belief, Steele attempted to coerce and groom E.M.C. into sexual intercourse, specifically to give up her virginity before the end of the 2021-2022 school year in order to remain his "girlfriend."

24. Upon information and belief, these acts occurred in his classroom, often with the lights off and the door window covered.

25. Upon information and belief, Steele allowed E.M.C. to skip other classes and spend time alone with him.

26. Upon information and belief, a behavioral report was filed by Steele in April 2022 acknowledging inappropriate physical interaction between he and E.M.C., yet no protective or corrective action was taken. An appropriate investigation at that time would have prevented at least some of Steele's sexual abuse and grooming of E.M.C.

5

27. Upon information and belief, other MPS employees and administration were aware of Steele's conduct.

28. Upon information and belief, despite warnings and clear signs of inappropriate behavior, MPS permitted Steele to remain in contact with E.M.C.

29. Upon information and belief, MPS failed to supervise, discipline, or remove Steele, despite knowledge of prior misconduct and concerning behavior.

30. Upon information and belief, on May 24, 2022, Milwaukee Police Department was finally called after multiple disclosures and signs of Steele's misconduct. A forensic interview confirmed detailed sexual abuse spanning multiple dates and locations inside the school, with the primary location being Steele's classroom during school hours.

31. Upon information and belief, as a result of Defendants' actions and inactions, E.M.C. suffered severe trauma, emotional distress, and loss of educational and social opportunities.

### V.     LEGAL CLAIMS

**FIRST CLAIM FOR RELEIF**
**VIOLATION OF 42 U.S.C. § 1983 – DUE PROCESS**
**(Against Steele)**

32. Plaintiffs reallege and reincorporate all previous allegations.

33. Plaintiff E.M.C. possesses a right to bodily integrity under the Fourteenth Amendment to the United States Constitution.

34. The right to bodily integrity is protected by the due process clause regardless of a victim's membership in a particular protected class.

35. Steele was acting with authority over Douglas students that was granted to him by MPS.

36. Steele acted under color of law.

6

37. Steele's sexual abuse constituted egregious misconduct and a violation of clearly established rights.

38. Steele's conduct of sexually assaulting E.M.C. denied her due process under the law in violation of her constitutional rights under the Fourteenth Amendment to the United States Constitution.

39. Steele's conduct of sexually assaulting E.M.C. denied her due process in a manner that shocks the conscience.

40. Steele's actions have been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, physical pain and suffering, severe emotional trauma, and expenses for therapy and/or medical.

41. An award of punitive damages is appropriate because the acts of Defendant Steele were objectively unreasonable, and were pursued with malice, willfulness, and reckless indifference to the rights of others and particularly to the rights of Plaintiffs.

### SECOND CLAIM FOR RELEIF
### VIOLATION OF 42 U.S.C. § 1983 – EQUAL PROTECTION
#### (Against Steele)

42. Plaintiffs reallege and reincorporate all previous allegations.

43. Plaintiff E.M.C. is entitled to equal treatment under the law pursuant to the Fourteenth Amendment to the United States Constitution.

44. Steele targeted E.M.C. because of her sex and did not target similarly situated male students at Douglas.

45. Steele was acting with authority over Douglas students that was granted to him by MPS.

46. Steele acted under color of law.

7

47. Steele targeted and sexually assaulted E.M.C. based on her sex in violation of her right to equal protection under the Fourteenth Amendment to the United States Constitution.

48. The differential treatment of E.M.C. was intentional, arbitrary, motivated by discriminatory purposes and was not rationally related to any government interest.

49. Steele's actions have been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, physical pain and suffering, severe emotional trauma, and expenses for therapy and/or medical.

50. An award of punitive damages is appropriate because the acts of Defendant Steele were objectively unreasonable, and were pursued with malice, willfulness, and reckless indifference to the rights of others and particularly to the rights of Plaintiffs.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – FAILURE TO INTERVENE
### (Against Palmer and Zollicoffer-Phillips)

51. Plaintiffs reallege and reincorporate all previous allegations.

52. Defendant Steele violated E.M.C.'s right to equal protection and due process under the Fourteenth Amendment when he groomed, sexually harassed, and sexually assaulted her.

53. Upon information and belief, Palmer and Zollicoffer-Phillips knew throughout the 2021-2022 school year that Steele was sexually harassing and grooming female student(s) and that Steele posed a substantial risk of sexual assault to E.M.C. and other students.

54. Upon information and belief, Palmer and Zollicoffer-Phillips had a realistic opportunity to prevent harm to E.M.C.

55. Upon information and belief, Palmer and Zollicoffer-Phillips failed to take reasonable steps to prevent harm to E.M.C.

8

56. Palmer's actions were under color of law.

57. Zollicoffer-Phillips' actions were under color of law.

58. Palmer and Zollicoffer-Phillips' acts and omissions have been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, physical pain and suffering, severe emotional trauma, and expenses for therapy and/or medical.

59. An award of punitive damages is appropriate because Palmer and Zollicoffer-Phillips' acts and omissions were objectively unreasonable, and were pursued with malice, willfulness, and reckless indifference to the rights of others and particularly to the rights of Plaintiffs.

60. All of Palmer's acts and omissions were within the scope of Palmer's employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

61. All of Zollicoffer-Phillips' acts and omissions were within the scope of Zollicoffer-Phillips' employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF TITLE IX. 20 U.S.C. § 1681(a)**
**(Against Milwaukee Board of School Directors and**
**Milwaukee Public School Board District #4, collectively "MPS")**

62. Plaintiffs reallege and reincorporate all previous allegations.

63. Title IX of the Education Amendments of 1972 states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. 20 U.S.C. § 1681(a).

9

64. Title IX's prohibitions on sex discrimination extend to "any academic, extracurricular, research, occupational training or other educational program operated by a recipient" of Federal funding. 34 C.F.R. §106.31.

65. MPS operates educational institutions that provide programs and activities which receive Federal financial assistance and, thus, are subject to Title IX obligations.

66. Plaintiff E.M.C. was at all relevant times a female MPS student protected under Title IX.

67. The discrimination and harassment of E.M.C. was based on sex.

68. Upon information and belief, MPS, through acts and omissions of Steele, Palmer, and Zollicoffer-Phillips, treated Plaintiff E.M.C. differently than other students similarly situated who are not females.

69. Upon information and belief, officials at MPS had actual notice that Steele was sexually abusing a female student but did not conduct an appropriate investigation or take steps to protect female students, like E.M.C.

70. Upon information and belief, MPS, through the acts and omissions of Palmer and Zollicoffer-Phillips, permitted Steele to sexually abuse, sexually harass, and groom Plaintiff E.M.C.

71. Upon information and belief, the discrimination and harassment of E.M.C. was so severe, offensive and pervasive that they altered the conditions of her education and deprived her of full access to educational opportunities and benefits which Title IX required MPS to provide.

72. Upon information and belief, MPS, through Palmer, Zollicoffer-Phillips, and other employees, had knowledge of Steele's sexual abuse of a female student but were deliberately indifferent to his actions.

10

73. Upon information and belief, MPS, through Palmer, Zollicoffer-Phillips, and other employees, failed to take prompt or adequate measures to protect Douglas students, including E.M.C., despite their knowledge of Steele's sexual abuse of a female student.

74. MPS's violations of Title IX have further been a direct and proximate cause of Plaintiff E.M.C. being subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

75. MPS's violations of Title IX have been a direct and proximate cause of Plaintiff E.M.C.'s damages, including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

**FIFTH CLAIM FOR RELIEF**
**NEGLIGENCE**
**(Against Milwaukee Board of School Directors, Milwaukee Public School Board District #4, Palmer, and Zollicoffer-Phillips)**

76. Plaintiffs reallege and reincorporate all previous allegations.

77. MPS, Palmer, and Zollicoffer-Phillips had actual notice of the claim pursuant to Wis. Stat. § 893.80(1d)(a) and would not be prejudiced by any deficiency in the notice process.

78. MPS, Palmer, and Zollicoffer-Phillips had a special relationship with E.M.C. based on E.M.C.'s status as a minor student enrolled in MPS's school.

79. MPS, by and through its employees including Palmer and Zollicoffer-Phillips, owed a duty to E.M.C. to use ordinary and reasonable care to ensure E.M.C.'s safety, care, health and wellbeing and to protect her from sexual harassment, including grooming and sexual assault, while she attended Douglas.

11

80. MPS, by and through its employees including Palmer and Zollicoffer-Phillips, owed a duty to E.M.C. to use ordinary and reasonable care to ensure E.M.C.'s safety, care, health and wellbeing by hiring, retaining, assigning, and supervising its faculty who were employed and/or acted as agents in supervisory roles, such as Steele's position as a social studies teacher.

81. MPS, Palmer, and Zollicoffer-Phillips owed a duty to children enrolled at Douglas to train its employees regarding appropriate relationships and behavior with students.

82. Upon information and belief, at all times material, MPS, Palmer, and Zollicoffer-Phillips knew, or in the exercise of ordinary and reasonable care, should have known, that Steele was unfit, dangerous, and a threat to the health, safety and welfare of E.M.C. and other minor females at Douglas.

83. At all times material, MPS, Palmer and Zollicoffer-Phillips owed E.M.C. a duty to investigate Steele's misconduct and warn E.M.C. and her parents of the potential harm from Steele, provide a safe environment for E.M.C. where she would be free from sexual abuse, and protect E.M.C. from exposure to harmful individuals like Steele.

84. Upon information and belief, MPS, Palmer and Zollicoffer-Phillips breached these duties in all or more of the following ways:

> a. Failing to exercise ordinary and reasonable care in the supervision of E.M.C. and other Douglas students.
>
> b. Placing E.M.C. and other Douglas students in a situation where they were exposed to an unreasonable risk of harm.
>
> c. Failing to provide a safe environment for E.M.C. where she would be free from sexual assault, sexual harassment, and grooming by Steele.
>
> d. Failing to properly investigate Steele's interactions with E.M.C. and/or female students.
>
> e. Failing to investigate facts regarding Steele that created a likely potential for harm to minors he supervised, including E.M.C.

12

f.  Failing to take appropriate steps to ensure the safety of female students.

g.  Failing to provide reasonable surveillance, investigation, and reporting of teachers and students to prevent and/or detect inappropriate teacher-student contact, including sexual assault.

h.  Failing to provide policies and procedures to protect its students from sexual contact and abuse from predatory teachers such as Steele.

i.  Failing to have and/or enforce a policy which prohibited teachers from meeting behind closed doors without additional adult supervision and/or allowing rooms to be free of any surveillance (*e.g.,* no windows or covered windows, closed and/or locked classroom doors, etc.).

j.  Failing to enforce a policy prohibiting fraternization, including sexual advances and/or sexual contact, between employees of MPS and minor students.

k.  Failing to exercise ordinary and reasonable care in the supervision of Steele.

l.  Failing to recognize standard "grooming" patterns by a pedophile and failing to take reasonable measure to prevent such a pedophile from continuing to engage in such "grooming" at schools.

m.  Failing to implement adequate security measures and protocols, including but not limited to hall monitoring, classroom checks, and/or use of resource officers for detecting and preventing teacher-student abuse.

n.  Failing to make a timely report under Wis. Stat. § 48.981 based on information in their possession that they had reasonable cause to suspect that E.M.C. had been sexually groomed and/or abused by Steele or had reason to believe that E.M.C. and/or other students had been threatened with abuse by Steele.

o.  Failing to warn E.C. and M.C. of the risk of harm that Steele posed to their daughter.

85. The actions of MPS, Palmer, and Zollicoffer-Phillips were the cause-in-fact of Steele's wrongful acts.

86. As a further direct and proximate cause of the negligence of MPS, Palmer, and Zollicoffer-Phillips, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

13

87. The acts and omissions of MPS, Palmer and Zollicoffer-Phillips have been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

88. All of Palmer's acts and omissions were within the scope of Palmer's employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

89. All of Zollicoffer-Phillips' acts and omissions were within the scope of Zollicoffer-Phillips' employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

**SIXTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**
**(Against Milwaukee Board of School Directors, Milwaukee Public School**
**Board District #4, Palmer, and Zollicoffer-Phillips)**

90. Plaintiffs reallege and reincorporate all previous allegations.

91. MPS, Palmer, and Zollicoffer-Phillips had actual notice of the claim pursuant to Wis. Stat. § 893.80(1d)(a) and would not be prejudiced by any deficiency in the notice process.

92. MPS, Palmer, and Zollicoffer-Phillips had a special relationship with E.M.C. based on E.M.C.'s status as a minor student enrolled in MPS's school.

93. MPS, by and through its employees including Palmer and Zollicoffer-Phillips, owed a duty to E.M.C. to use ordinary and reasonable care to ensure E.M.C.'s safety, care, health and wellbeing and to protect her from sexual harassment, including grooming and sexual assault, while she attended Douglas.

94. MPS, by and through its employees including Palmer and Zollicoffer-Phillips, owed a duty to E.M.C. to use ordinary and reasonable care to ensure E.M.C.'s safety, care, health and wellbeing

14

by hiring, retaining, assigning, and supervising its faculty who were employed and/or acted as agents in supervisory roles, such as Steele's position as a social studies teacher.

95. MPS, Palmer, and Zollicoffer-Phillips owed a duty to children enrolled at Douglas to train its employees regarding appropriate relationships and behavior with students.

96. Under Wis. Stat. § 48.981, a Wisconsin school administrator or any other school employee is required to make a report to the appropriate county agency if that person has reasonable cause to suspect that a child has been abused or has reason to believe that a child has been threatened with abuse.

97. MPS, Palmer, and Zollicoffer-Phillips owed a duty to children enrolled at Douglas to train its employees to detect and report inappropriate behavior such as sexual harassment, including grooming and sexual assault, by other MPS employees who had contact with students.

98. MPS had a special relationship with Steele based on his employment.

99. Upon information and belief, MPS, Palmer, and Zollicoffer-Phillips knew or should have known that Steele had an inappropriate sexual interest in female students.

100. Upon information and belief, MPS, Palmer, and Zollicoffer-Phillips knew or should have known that Steele had an inappropriate connection to E.M.C. and other female students which demonstrated both the specific threat posed to E.M.C. and general threat to young female students.

101. Upon information and belief, it was foreseeable to MPS, Palmer, and Zollicoffer-Phillips that Steele would develop an inappropriate interest in E.M.C., and would sexually harass, including groom and sexually assault, her.

102. MPS, Palmer, and Zollicoffer-Phillips had a duty to protect E.M.C. from sexual harassment, including grooming and sexual assault, by Steele.

15

103. Upon information and belief, MPS's policies and procedures were inadequate to protect Douglas students, including E.M.C.

104. Upon information and belief, MPS, Palmer, and Zollicoffer-Phillips breached their duties to E.M.C. by:

a. Failing to reasonably screen and investigate prospective employees to determine whether they are properly trained and qualified to work with students.

b. Failing to hire competent and qualified employees and/or agents without proclivities to engage in sexual abuse against its minor students.

c. Failing to hire competent and qualified employees and/or agents with knowledge and or training needed to accurately identify sexual predators like Steele and act accordingly.

d. Failing to train its employees and/or agents to identify and report when a member of MPS staff is attempting to engage in and is engaging in unlawful sexual behaviors with its minor students.

e. Failing to properly train MPS employees and/or agents to identify and report when an inappropriate sexual relationship with another employee and/or agent and a minor student is ongoing and report it accordingly.

f. Failing to terminate or reassign those employees and/or agents who were aware of the actions of Steele against E.M.C. but did nothing to stop or report it.

g. Failing to terminate Steele immediately once MPS knew or should have known of his predatory behaviors against female minor students, including E.M.C.

h. Failing to terminate and/or provide remedial measures to ensure the safety of students once MPS knew or should have known of Steele's propensities.

i. Failing to provide a safe environment for E.M.C. where she would be free from sexual assault, sexual harassment, and grooming by Steele.

j. Failing to implement adequate security measures and protocols, including but not limited to hall monitoring, classroom checks, and/or use of resource officers for detecting and preventing teacher-student abuse.

k. Failing to make a timely report under Wis. Stat. § 48.981 based on information in their possession that they had reasonable cause to suspect that E.M.C. had been sexually groomed and/or abused by Steele or had reason to believe that E.M.C. and/or other students had been threatened with abuse by Steele.

16

l. Failing to have policies or training programs to prevent and/or detect sexual harassment and abuse, and to ensure compliance with all applicable legal requirements.

m. Failing to provide policies and procedures to protect its students from sexual contact and abuse from predatory teachers such as Steele.

n. Failing to have and/or enforce a policy which prohibited teachers from meeting behind closed doors without additional adult supervision and/or allowing rooms to be free of any surveillance (*e.g.,* no windows or covered windows, closed and/or locked classroom doors, etc.).

o. Failing to enforce a policy prohibiting fraternization, including sexual advances and/or sexual contact, between employees of MPS and minor students.

p. Failing to procure and/or develop policies and procedures to prohibit sexual relationships between employees and minor students.

q. Failing to supervise Steele in a proper manner to prevent sexual abuse against its minor student, E.M.C.

r. Failing to recognize standard "grooming" patterns by a pedophile and failing to take reasonable measure to prevent such a pedophile from continuing to engage in such "grooming" at schools.

s. Failing to properly investigate Steele's interactions with E.M.C. and/or female students.

t. Failing to investigate facts regarding Steele that created a likely potential for harm to minors he supervised, including E.M.C.

u. Failing to take appropriate steps to ensure the safety of female students.

v. Failing to warn E.C. and M.C. of the risk of harm that Steele posed to their daughter.

105. The actions of MPS, Palmer, and Zollicoffer-Phillips were the cause-in-fact of Steele's wrongful acts.

106. As a further direct and proximate cause of the negligence of MPS, Palmer, and Zollicoffer-Phillips, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

17

107. The acts and omissions of MPS, Palmer and Zollicoffer-Phillips have been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

108. All of Palmer's acts and omissions were within the scope of Palmer's employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

109. All of Zollicoffer-Phillips' acts and omissions were within the scope of Zollicoffer-Phillips' employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

**SEVENTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – MUNICIPAL LIABILITY**
**(Against Milwaukee Board of School Directors and**
**Milwaukee Public School Board District #4)**

110. Plaintiffs reallege and reincorporate all previous allegations.

111. In *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), the Supreme Court held that a local government may be liable under Section 1983 for an injury caused by a "policy or custom . . . made by its lawmakers or . . . those whose edicts or acts may fairly be said to represent official policy . . ."

112. The government may be liable under Section 1983 if their policies or customs "inflicts the injury." *Monell*, 436 U.S. at 691.

113. "[L]ocal governments . . . can be held responsible for constitutional violations only when they themselves cause the deprivation of rights." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020).

18

114. "The Supreme Court has recognized that *Monell* liability can arise . . . [when] a . . . 'policy of inaction' in light of notice that its program will cause constitutional violations 'is the functional equivalent of a decision by the [municipality] itself to violate the Constitution.'" *Id.* at 378; *citing Connick v. Thompson*, 563 U.S. 51, 61-62, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011).

115. "The unconstitutional consequences of failing to train could be so patently obvious that a [municipality] could be liable under § 1983 without proof of a pre-existing pattern of violations." *Id.* at 380; *See City of Canton v. Harris*, 489 U.S. 378 (1989); *See also Connick v. Thompson*, 563 U.S. 51, 64 (2011).

116. Upon information and belief, MPS adopted Administrative Policy 6.36, Student Non-Fraternization Policy, in June 2011.

117. Upon information and belief, the MPS Non-Fraternization Policy consists of five (5) subparts: (1) definitions; (2) general; (3) prohibited conduct; (4) reporting procedures; and (5) sanctions.

118. Upon information and belief, the MPS Non-Fraternization Policy states, in part, "**(3) PROHIBITED CONDUCT**

Staff are prohibited from . . .(a) engaging in any romantic or sexual relationships with students, including . . . sexual contact, inappropriate physical displays of affection, or sexually suggestive comments . . . (b) fostering, encouraging, or participating in inappropriate emotionally or socially intimate relationships with students . . . in which the relationship could reasonably cause a student to view the staff person as more than a teacher . . ."

119. Upon information and belief, while MPS Non-Fraternization Policy may prohibit MPS employees from sexual contact and/or fostering intimate relationships with students, the MPS Non-Fraternization Policy fails to address the prevention and/or detection of such conduct.

19

120. Upon information and belief, MPS further failed to train employees, students, and parents in recognizing and responding to grooming and sexual misconduct despite said Policy.

121. Upon information and belief, MPS further failed to implement adequate security protocols, including but not limited to hall monitoring, classroom checks, and/or resource officers for detecting and preventing teacher-student abuse.

122. Upon information and belief, MPS further failed to prohibit teachers from meeting behind closed doors without additional adult supervision and/or allowing rooms to be free of any surveillance (*e.g.,* no windows or covered windows, closed and/or locked classroom doors, etc.).

123. Upon information and belief, MPS knew or should have known of Steele's predatory behaviors.

124. Upon information and belief, MPS knew or should have known that Steele was engaging in an inappropriate intimate relationship with E.M.C.

125. Upon information and belief, MPS knew or should have known that Steele was allowing E.M.C. to skip other class periods to spend time alone with Steele in his classroom while his door was closed, the door window was covered, and the lights of the classroom were off.

126. Upon information and belief, despite MPS's knowledge, MPS failed to discipline Steele and took no institutional response, including but not limited to, no review of its Policy, no employee training, and/or no communication with minor students or their parents on how to report, understand, and/or detect sexual abuse.

127. All times relevant hereto, MPS acted under color of law within the meaning of 42 U.S.C. § 1983.

128. All times relevant hereto, E.M.C. had a protected liberty interest in her bodily integrity and pursuing an education.

129. Upon information and belief, E.M.C. has suffered deprivations of her liberty interests by Steele's sexual grooming, sexual contact, sexual abuse, and sexual harassment of her between March 2022 and May 2022.

130. Upon information and belief, MPS acted with deliberate indifference when it failed to take an institutional response to ensure the prevention and detection of teacher-student sexual abuse and grooming.

131. Upon information and belief, the risk of such constitutional violations was known and/or obvious to MPS.

132. Upon information and belief, the risk was so obvious that it required action by MPS.

133. Upon information and belief, MPS took no action and failed to take an institutional response, including but not limited to, no review of its Policy, no employee training, and/or no communication with minor students or their parents on how to report, understand, and/or detect sexual abuse.

134. As a further direct and proximate cause of MPS's failures, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

135. The acts and omissions of MPS have caused Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

21

## EIGHTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (Against Steele)

136. Plaintiffs reallege and reincorporate all previous allegations.

137. Steele's conduct was intentional and done with the purpose to cause emotional distress to E.M.C. Steele's conduct was extreme and outrageous and caused severe emotional distress to E.M.C.

138. Steele intended to cause emotional distress, his conduct was extreme and outrageous, it caused E.M.C.'s emotional distress, and the distress was extreme and disabling.

139. Upon information and belief, E.M.C. has been unable to function normally in other relationships because of the emotional distress caused by Steele's conduct including relationships with other minor students, teachers, and has now been subject to unwanted bullying and forced to participate in Steele's criminal case and this has caused severe and permanent emotional distress.

140. E.M.C. is a minor and lacked capacity to consent to any of Steele's inappropriate conduct.

141. As a further direct and proximate cause of Steele's conduct, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

142. Steele's conduct has been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

22

143.     Steele and/or XYZ Insurance are liable for all damages incurred by Plaintiff.

144.     In the event Defendant Steele is found liable for damages to Plaintiff, then XYZ Insurance is obligated to pay said damages.

**<u>NINTH CLAIM FOR RELIEF</u>**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Against Steele)**

145.     Steele's conduct was negligent and caused severe distress to E.M.C.

146.     Steele was negligent, his conduct caused E.M.C. emotional distress and the emotional distress is severe.

147.     Upon information and belief, E.M.C. has or will suffer fright, grief, anger, nausea, insomnia or hysteria.

148.     No reasonable person could be expected to endure the emotional distress that E.M.C. has been forced to suffer and will continue to suffer.

149.     Upon information and belief, E.M.C. has been unable to function normally in other relationships because of the emotional distress caused by Steele's conduct including relationships with other minor students, teachers, and has now been subject to unwanted bullying and forced to participate in Steele's criminal case and this has caused severe and permanent emotional distress.

150.     E.M.C. is a minor and lacked capacity to consent to any of Steele's inappropriate conduct.

151.      As a further direct and proximate cause of Steele's conduct, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

23

152. Steele's conduct has been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

153. Steele and/or XYZ Insurance are liable for all damages incurred by Plaintiff.

154. In the event Defendant Steele is found liable for damages to Plaintiff, then XYZ Insurance is obligated to pay said damages.

### TENTH CLAIM FOR RELIEF
### ASSAULT AND BATTERY
### (Against Steele)

155. Plaintiffs reallege and reincorporate all previous allegations.

156. Upon information and belief, Steele's conduct caused bodily harm to E.M.C.

157. E.M.C. is a minor child and lacks the legal capacity to consent to the harm.

158. Steele intended to cause bodily harm.

159. Steele had the mental purpose to cause bodily harm to E.M.C. and/or was aware that his conduct was practically certain to cause bodily harm to E.M.C.

160. That Steele's conduct was a Battery.

161. That Steele's conduct was an Assault.

162. As a further direct and proximate cause of Steele's conduct, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

163. Steele's conduct has been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

164. Steele and/or XYZ Insurance are liable for all damages incurred by Plaintiff.

165. In the event Defendant Steele is found liable for damages to Plaintiff, then XYZ Insurance is obligated to pay said damages.

**ELEVENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against Milwaukee Board of School Directors, Milwaukee Public**
**School Board District #4, Palmer, and Zollicoffer-Phillips)**

166. Plaintiffs reallege and reincorporate all previous allegations.

167. MPS, Palmer, and Zollicoffer-Phillips' conduct was extreme, outrageous, willful, and wanton.

168. MPS, Palmer, and Zollicoffer-Phillips' conduct toward E.M.C., including but not limited to, upon information and belief, acquiescing in, failing to prevent, failing to maintain security protocols, and turning a blind eye towards sexual grooming and sexual abuse of E.M.C. was extreme, outrageous, willful, and wanton.

169. MPS, Palmer, and Zollicoffer-Phillips' conduct, including but not limited to, upon information and belief, failing to investigate reports and complaints that it knew or should have known indicated sexual grooming, sexual harassment, child enticement, and/or sexual abuse of E.M.C. and other minor female students was extreme, outrageous, willful, and wanton.

170. MPS, Palmer, and Zollicoffer-Phillips' intended that their extreme and outrageous conduct should inflict severe and emotional distress on E.M.C.

25

171. As a further direct and proximate cause of Defendants' conduct, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

172. MPS, Palmer, and Zollicoffer-Phillips' conduct has been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

173. All of Palmer's acts and omissions were within the scope of Palmer's employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

174. All of Zollicoffer-Phillips' acts and omissions were within the scope of Zollicoffer-Phillips' employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

## TWELFTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against Milwaukee Board of School Directors, Milwaukee Public
School Board District #4, Palmer, and Zollicoffer-Phillips)**

175. Plaintiffs reallege and reincorporate all previous allegations.

176. At all times relevant hereto, MPS, Palmer, and Zollicoffer-Phillips owed E.M.C. a duty to safeguard her from sexual grooming by their employees and/or agents, including Steele.

177. MPS, Palmer, and Zollicoffer-Phillips breached their duty to E.M.C. when they, upon information and belief, failed to prevent Steele's sexual grooming and sexual abuse; failed to train its employees and/or agents to identify and report when a member of MPS staff is attempting to engage in and is engaging in unlawful sexual behaviors with its minor students;

26

failed to adequately conduct background checks, reference checks, and employment screenings of employees and/or agents; and failed to maintain security protocols.

178.     MPS, Palmer, and Zollicoffer-Phillips acted with reckless disregard for E.M.C.'s safety and right to be free from sexual grooming and sexual abuse while a student at Douglas and failed to act with ordinary and reasonable care to prevent Steele's sexual grooming and sexual abuse.

179.     Upon information and belief, at all times relevant hereto, MPS was aware, by and through its employees and/or agents including Palmer and Zollicoffer-Phillips, that Steele was engaged in sexual grooming, sexual harassment, and sexual abuse of E.M.C., but despite knowledge of such facts, failed to stop it and created additional danger to E.M.C. by retaining Steele's employment and/or not reassigning E.M.C. to another social studies teacher and/or notifying E.C. and M.C. of the harm to E.M.C.

180.     MPS, Palmer, and Zollicoffer-Phillips caused E.M.C. to suffer emotional distress as a result of their negligence.

181.     As a further direct and proximate cause of Defendants' conduct, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

182.     MPS, Palmer, and Zollicoffer-Phillips' conduct has been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

183. All of Palmer's acts and omissions were within the scope of Palmer's employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

184. All of Zollicoffer-Phillips' acts and omissions were within the scope of Zollicoffer-Phillips' employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

**THIRTEENTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY - INDEMNIFICATION**
**(Against Milwaukee Board of School Directors and Milwaukee Public School Board District #4)**

185. MPS is responsible to defend this action and satisfy any judgment entered against any individual defendants pursuant to Wis. Stat. § 895.46, regardless of whether the wrongful acts alleged herein were carried out pursuant to a custom or policy of MPS.

**FOURTEENTH CLAIM FOR RELIEF**
**LOSS OF SOCIETY AND COMPANIONSHIP**
**(By E.C. and M.C., individually)**

186. Plaintiffs reallege and reincorporate all previous allegations.

187. Upon information and belief, Plaintiffs E.C. and M.C. first discovered Steele's sexual contact of E.M.C. in May 2022.

188. As a further direct and proximate result of Defendants' conduct, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

189. Defendants' conduct has been a direct and proximate cause of E.M.C.'s damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and

28

suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

190. Upon information and belief, E.C. and M.C. both reside with E.M.C. and have a close relationship.

191. Upon information and belief, E.C. and M.C. were deprived and continue to be deprived of love, affection, and care from E.M.C. due to her aforementioned injuries.

192. As a direct and proximate cause of Defendants' actions, E.C. and M.C. have suffered loss of society and companionship, including both past and future loss.

## FIFTEENTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(By E.C. and M.C., individually, against Milwaukee Board of School Directors, Milwaukee Public School Board District #4, Palmer, and Zollicoffer-Phillips)**

193. Plaintiffs reallege and reincorporate all previous allegations.

194. Upon information and belief, Plaintiffs E.C. and M.C. first discovered Steele's sexual contact of E.M.C. in May 2022.

195. At all times relevant hereto, MPS, Palmer, and Zollicoffer-Phillips owed E.C. and M.C. a duty to safeguard their minor daughter from sexual grooming by MPS employees and/or agents, including Steele, especially during school hours.

196. MPS, Palmer, and Zollicoffer-Phillips breached their duty to E.C. and M.C. when they, upon information and belief, failed to prevent Steele's sexual grooming and sexual abuse; failed to train its employees and/or agents to identify and report when a member of MPS staff is attempting to engage in and is engaging in unlawful sexual behaviors with its minor students; failed to adequately conduct background checks, reference checks, and employment screenings of employees and/or agents; and failed to maintain security protocols.

29

197. MPS, Palmer, and Zollicoffer-Phillips acted with reckless disregard for E.C. and M.C.'s minor daughter's safety and right to be free from sexual grooming and sexual abuse while a student at Douglas and failed to act with ordinary and reasonable care to prevent Steele's sexual grooming and sexual abuse of their minor daughter.

198. Upon information and belief, at all times relevant hereto, MPS was aware, by and through its employees and/or agents including Palmer and Zollicoffer-Phillips, that Steele was engaged in sexual grooming, sexual harassment, and sexual abuse of E.M.C., but despite knowledge of such facts, failed to stop it and created additional danger to E.M.C. by retaining Steele's employment and/or not reassigning E.M.C. to another social studies teacher and/or notifying E.C. and M.C. of the harm to E.M.C.

199. Upon information and belief, MPS, Palmer, and Zollicoffer-Phillips caused E.C. and M.C. to suffer emotional distress as a result of their negligence.

200. Upon information and belief, E.C. and M.C.'s emotional distress is severe.

201. As a further direct and proximate cause of Defendants' conduct, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

202. MPS, Palmer, and Zollicoffer-Phillips' conduct has been a direct and proximate cause of Plaintiffs' damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

30

203.     As a direct and proximate cause of Defendants' actions, E.C. and M.C. have suffered severe emotional distress, including both past and future distress.

204.     All of Palmer's acts and omissions were within the scope of Palmer's employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

205.     All of Zollicoffer-Phillips' acts and omissions were within the scope of Zollicoffer-Phillips' employment with MPS, and MPS and/or XYZ Insurance is liable for any damages, attorney fees or costs.

<strong><u>SIXTEENTH CLAIM FOR RELIEF</u><br>MEDICAL EXPENSES<br>(By E.C. and M.C., individually)</strong>

206.     Plaintiffs reallege and reincorporate all previous allegations.

207.     Upon information and belief, Plaintiffs E.C. and M.C. first discovered Steele's sexual contact of E.M.C. in May 2022.

208.     As a further direct and proximate result of Defendants' conduct, E.M.C. was subjected to sexual assault, sexual battery, sexual harassment, grooming, traumatization, and/or caused to suffer mental pain and suffering, psychological injuries, past and future damages, and the loss of the capacity for the enjoyment of life.

209.     Defendants' conduct has been a direct and proximate cause of E.M.C.'s damages including but not limited to inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, pain and suffering, physical pain and impairment, severe emotional trauma, reduced quality of life, and expenses for therapy and/or medical.

31

210.    Upon information and belief, E.C. and M.C. have incurred and will continue to incur medical and/or therapy expenses in the care and treatment of E.M.C., their minor child, as a direct and proximate result of E.M.C.'s aforementioned injuries.

211.    As a direct and proximate cause of Defendants' actions, E.C. and M.C. have incurred and will continue to incur medical and/or therapy expenses in the care and treatment of E.M.C., their minor child, including both past and future expenses.

## VI.    **RELIEF REQUESTED**

Plaintiffs request the following:

a. An award of compensatory damages against all Defendants;

b. An award of nominal damages against all Defendants for any causes of action which do not involve an award of compensatory damages;

c. An award of punitive damages against Defendants Steele, Palmer and Zollicoffer-Phillips;

d. An order authorizing the creation of a special needs trust and/or minor trust and the transfer of damages awarded to the minor Plaintiff into those trusts.

e. An award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 1988;

f. Such other relief as required by the interests of justice.

---

## A TRIAL BY JURY IS REQUESTED

---

Date: April 19, 2025

**LOJEWSKI ABUSE & INJURY LAW**
*Attorney for Plaintiffs*

By: */s/ Kristen Lojewski*
225 E. Fairmount Ave., Ste. 4
Milwaukee, WI 53217
TEL/FAX: (414) 999-3771
Email: kristen@lojewskilaw.com

32