UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

E.M.C., a minor, by her parents
E.C. and M.C., and E.C. and M.C. individually,

          Plaintiffs,

v.                                                   Case No. 25-cv-570-JPS

MILWAUKEE BOARD OF SCHOOL DIRECTORS,
MILWAUKEE PUBLIC SCHOOL BOARD DISTRICT #4,
LONNIE STEELE, ZERDA PALMER,
STEPHANIE ZOLLICOFFER-PHILLIPS, and
XYZ INSURANCE COMPANY,

          Defendants.

---

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

---

      Pursuant to the Court's August 15, 2025 Order, the Parties submit the following Joint Rule 26(f) Report and Discovery Plan. The Parties conferred via telephone on July 8, 2025 and via e-mail/telephone on August 21-22, 2025, with regards to the contents of this proposed discovery plan, as outlined in Rule 26(f)(3) as follows:

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

      The Parties, **by <u>September 30, 2025</u>**, will exchange the information required by Fed. R. Civ. P. 26(a)(1). Supplementations are due as required and in accordance with the provisions of Rule 26(e).

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

1

The Parties jointly anticipate discovery may include written interrogatories, requests for production of documents, requests for admissions, lay witness depositions, corporate depositions, expert depositions, and an on-site inspection/visit where the alleged incident took place.

1. Discovery may be needed regarding the following subjects: the factual circumstances regarding the subject incident, policies and procedures of the Defendants, liability, causation, and damages.

2. The Parties do not anticipate that discovery will need to be conducted in phases. If Defendants intend to depose the minor Plaintiff in this matter or seek a Defendant Medical Examination of the minor Plaintiff, Plaintiffs anticipate the request for a hearing and/or motion practice to discuss limitations if issues cannot be resolved through conferring. The Parties otherwise believe a protective order will be needed and will confer regarding the scope and necessity.

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

All relevant and accessible electronically stored information will be preserved for future use in this matter in its original form. Additionally, any electronic discovery exchanged will be produced in .pdf format where feasible or some other format that facilitates meaningful use of the information. The parties reserve the right to request particular documents in native format at a later time. All requests for electronic discovery and/or for the production of electronically stored information in a format other than a .pdf will be governed by the proportionality standard set forth in Rule 26(b)(2)(C).

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed a waiver or impairment per se of any claim of privilege or protection. The Parties agree that communications between a party and its trial counsel do not need to be included on any privilege log provided pursuant to Rule 26(b)(5). The Parties will conduct discovery in good faith and will attempt to resolve any discovery-related dispute without intervention from the Court. Parties will seek entry of a protective order from the Court if it intends not to produce any unprivileged and discoverable information for purpose of facilitating efficient discovery of confidential and/or sensitive information.

The Parties agree that any information which may be used for identity theft, e.g., social security numbers, bank account numbers, and insurance policy numbers, may be redacted by the party producing the document and shall be redacted in the event the document is presented as evidence before the Court.

The Parties confirm that documents filed through the Court's ECF system are served by ECF notification and expressly consent to service by electronic means. The Parties agree that copies of all written discovery requests and proposed findings of fact shall be provided and/or served electronically in a format editable by the other party, e.g., ,docx, and that copies of all proposed findings of fact as required by the Court's standing order regarding summary judgment motions shall be served electronically in a similar editable format.

At this time, the Parties do not anticipate any other orders that the Court should issue under FRCP 26(c) or under FRCP 16(b) and (c).

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's local rules, and by the Court's

3

Case 2:25-cv-00570-JPS    Filed 08/25/25    Page 3 of 6    Document 26

customary Scheduling Order. The Parties reserve the right to seek relief from the Civil L.R. 33(a)(1) limitation of 25 interrogatories, the FRCP 30(d)(1) limitation of 1 day of 7 hours for the duration of depositions, and the 10-deposition limit per party set forth in FRCP 30(a)(2)(A)(i) and FFRCP 31(a)(2)(A)(1), if necessary.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

## ADDITIONAL INFORMATION REQUIRED BY THE COURT:

1. **Statement of the Case:**

This is a civil action brought pursuant to 42 U.S.C. § 1983, Title IX, and several state claims that arises from an alleged constitutional deprivation of minor Plaintiff during the 2021-2022 school year at Andrew S. Douglas Middle School, a Milwaukee Public School. Plaintiffs allege that Milwaukee Public School teacher Lonnie Steele sexually assaulted, sexually enticed, and groomed the eleven-year-old Plaintiff during the 2021-2022 school year in his capacity as her teacher and under the scope of his employment with MPS. Plaintiffs further allege that the school district and its officials created or increased the danger to the minor Plaintiff and were deliberately indifferent to the known risk of harm.

MPS, Palmer, and Zollicoffer-Phillips Defendants expressly deny these allegations, and the City Attorney's Office has declined to represent Defendant Steele affirmatively asserting that Steele did not act under color of law or within his scope of employment.

Lonnie Steele is currently incarcerated at John C. Burke Correctional Center for child enticement under Wis. Stat. § 948.07(1). It is undisputed that the minor victim in the criminal matter is the same minor Plaintiff in this matter. Steele has failed to respond to pleadings thus far in this matter.

2. **Jurisdictional Issues:** None known or apparent.

3. **Related Cases:** None.

4. **Alternative Dispute Resolution:** The Parties have not discussed settlement but are willing to conduct ADR with an outside mediator.

5. **Nature and timing of discovery:** There are no contemplated changes to the nature or timing of discovery.

6. **Motions contemplated by Parties:** Defendants anticipate the filing of a Motion for Summary Judgment after the close of discovery. Plaintiffs reserve the right to file dispositive or other motions as well.

7. **Proposed Case Deadlines:**

     a. **Rule 26(a)(1) disclosures:** September 30, 2025

     b. **Amendment of Pleadings without leave:** January 9, 2026

     c. **Joinder of parties:** January 9, 2026

     d. **Expert witness disclosures:**

          i. **Plaintiff disclosure:** January 30, 2026

          ii. **Defendants' disclosure:** March 31, 2026

          iii. **Rebuttal Expert disclosures (if any):** April 30, 2026

     e. **Close of Discovery:** May 29, 2026

     f. **Dispositive motions or other motions:** July 31, 2026

8. **Estimated length of trial:** The Parties estimate 3-5 days.

9. **Jury Trial request:** The Parties have made demand for a jury trial.

10. **Other Issues that impact scheduling:**

On March 25, 2025, Plaintiffs requested a complete personnel file of Lonnie Steele from the Office of Board Governance and pursuant to Wisconsin Open Records Law. To date, the Office of Board Governance has not provided said file. The Parties agree that delays in production may impact scheduling depending on when materials are produced and received.

**11. Attestation:**

The Parties attest that they have spoken about each topic area in this document.

DATED: 08/22/25	**LOJEWSKI ABUSE & INJURY LAW**

By: /s/Kristen Lojewski
Kristen Lojewski, SBN: 1122922
225 E. Fairmount Ave., Ste. 4
Milwaukee, WI 53217
P: (414) 999-3771
F: (414) 999-3771
kristen@lojewskilaw.com

Attorney for Plaintiffs

DATED: 08/22/25	**CITY ATTORNEY'S OFFICE**
EVAN C. GOYKE
City Attorney

By: /s/Clint B. Muche
Clint B. Muche, SBN: 1131629
Sheila Thobani, SBN: 110817
Jordan Schettle, SBN: 1104571
Assistant City Attorneys
800 City Hall / 200 East Wells Street
Milwaukee, WI 53202
P: (414) 286-2601
F: (414) 286-8550
cmuche@milwaukee.gov
sthoba@milwaukee.gov
jschet@milwaukee.gov

Attorneys for Defendants Milwaukee
Board of School Directors, Milwaukee Public
School Board District #4, Zerda Palmer, and
Stephanie Zollicoffer-Phillip